IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY D. JOHNSON JR., #305487<br>    Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. WDQ-05-3410 |
| JON P. GALLEY<br>TINA GERAGHTY | * | |
| FRANK C. SIZER<br>ALAN D. EASON | * | |
| FRANK M. CONAWAY<br>ALBERT J. MATRICCIANI JR. | * | |
| WANDA KEYES<br>    Defendants. | * | |
| | *** | |

## **MEMORANDUM**

On December 20, 2005, the Clerk received for filing a 42 U.S.C. § 1983 complaint form. Larry D. Johnson Jr., a state inmate confined at the Western Correctional Institution, states that he is serving several sentences imposed in the Circuit Court for Baltimore City. Affording his pro se matter a generous construction, it appears that he is complaining that: (i) the Division of Correction failed to award him special project credits for double-celling pursuant to a recent Maryland court decision; (ii) corrections officials have incorrectly dated the commencement date of his violation of probation sentence; (iii) the Clerk of the Circuit Court for Baltimore City has produced two different commitments documents for his November, 2001 sentences; (iv) certified documents from his probation case are missing; and (v) he was cited with an infraction in October, 2004, which resulted in the loss of good conduct time, disciplinary segregation, and an 86 day extension of his maximum expiration date for his January, 2002 sentence.[1]

---

[1] Johnson simultaneously filed *Johnson v. Galley, et al.*, Civil Action No. WDQ-05-3411 (D.Md.), seeking federal habeas corpus relief. In that 28 U.S.C. § 2241 petition he also claims that he is being held

Johnson seemingly claims that he has served time beyond the expiration date of his sentences. He seeks immediate release from confinement; declaratory relief to determine "how much extra time" he has served; and compensatory and punitive damages. Because he appears indigent, Plaintiff's motion to proceed in forma pauperis shall be granted. The instant action, construed as a hybrid 28 U.S.C. § 2241 habeas corpus petition and 42 U.S.C. § 1983 civil rights action for declaratory and damage relief, shall be dismissed without prejudice.

To the extent that Johnson is seeking release from confinement due to alleged errors in the computation of diminution credits, the calculation of his sentence commencement and maximum expiration dates from his sentences imposed in 2001 and 2002 (as modified in 2003), and the loss of good conduct time[2], his action is construed in part as a 28 U.S.C. § 2241 petition. *See Preiser v. Rodriguez*, 411 U. S. 475, 492-96 (1973). Johnson has raised a plethora of claims before the Court. His attachments indicate that he appeared before the Circuit Court for Baltimore City for a habeas corpus hearing on November 16, 2005. Paper No. 1 at Exs. It appears that he raised a challenge to his sentence calculations and diminution of conduct award. There is no showing, however, that he raised a challenge to each and every ground raised herein or that a final determination was made in the November, 2005 state habeas corpus proceeding. His allegations under § 2241 must be dismissed because there is no evidence that Johnson exhausted available state

---

beyond his mandatory release date; that his sentences and credits have not been calculated correctly; his maximum release date was illegally extended as a result of his October, 2004 infraction; there is a discrepancy with his sentence commitments for his 2001 cases; and certified documents are missing from the file in his probation case. *Id*.

[2]   When raising a challenge to his infraction and the resulting loss of diminution credits and extension of his maximum release date, Johnson appears to refer to the Maryland Court of Appeals decision in *Massey v. Dep't of Public Safety and Correctional Services*, 886 A.2d 585 (Md. 2005), which held that Division of Correction regulations were not adopted in conformance with the Administrative Procedure Act.

court remedies.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

Next, insofar as Johnson seeks damages due to his alleged wrongful confinement caused by the incorrect calculation of diminution credits and computation of his sentence structure, his § 1983 civil rights action shall be dismissed.  Assuming that a colorable constitutional claim has been stated, Johnson is barred from seeking damages under § 1983 until he obtains affirmative relief through administrative, state, or federal habeas corpus proceedings.  *See Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

For reasons set out herein, this hybrid 28 U.S.C. § 2241 petition for writ of habeas corpus and 42 U.S.C. § 1983 civil rights action is hereby dismissed without prejudice.  A separate Order follows.


Date: January 4, 2006                             /s/
                                        William D. Quarles, Jr.
                                        United States District Judge